# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**RAYMON I. DOBBINS,**

    **Petitioner,**

v.                                             **Case No. 2:14cv49**
                                               **(Judge Bailey)**

**RUSSELL A. PERDUE,**

    **Warden.**

## REPORT AND RECOMMENDATION

Pending before the court is the Petitioner's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). This matter is assigned to the undersigned magistrate judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time he filed his petition, the Petitioner was incarcerated at FCI Gilmer in Glenville, West Virginia, serving a 262-month term of imprisonment imposed by the United States District Court for the Northern District of Ohio on October 29, 1996, after being convicted of one count of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). ECF No. 9-2 at 2. The Petitioner was also ordered to pay restitution in the amount of $5,188.47, which was to be paid "[i]n installments according to the following schedule of payments: Payments are due during imprisonment, payable through the Bureau of Prisons Inmate Financial Responsibility Program ("IFRP"). Upon release, the defendant will continue payments towards any portion of restitution still owed," Id. at 5.

The Petitioner's section 2241 petition asserts that "respondent's retroactive

attempts to collect unenforceable portion of criminal judgment through the use of the [IFRP] enacted on August 15, 2005 . . . violated the Ex Post Facto Clause." ECF No 1 at 5. For relief, the Petitioner "moves the Honorable Court to sua sponte issue an injunctive order directing the Respondent, or his designated agents, to cease his/their incorrigible and, harassing and stalking, attempts to collect an unenforceable portion of the judgment; that is, until after which time the Court has adjudicated the claim for relief on the merits." ECF No. 9 at 14. According to the Federal Bureau of Prison's inmate locator, www.bop.gov, the Petitioner was released from custody on September 23, 2014, less than three months after he filed his petition, and is, therefore, no longer subject to the IFRP.

## **ANALYSIS**

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

The Petitioner's Memorandum in support of his section 2241 petition alleges that the sentencing court unlawfully delegated to the FBOP the authority to set the amount and timing of restitution to be paid through the IFRP. He further alleges that the

Respondent, or his designated agents, attempted to coerce him into endorsing mandatory, newly revised contracts. When his refused to make any further payments toward the restitution amount, Petitioner alleges that he was placed in "IFRP refusal" status and, as a result, lost much needed, maximum half-way house placement under the Second Chance Act of 2008.[1] Because the Petitioner has been released from custody, he is no longer subject to the IFRP, is no longer eligible for half-way house placement and this Court is unable to grant him any relief. Accordingly, the petition is moot and should be dismissed as such.

## RECOMMENDATION

For the reasons stated herein, it is hereby **RECOMMENDED** that the petition [ECF No. 1] be **DISMISSED AS MOOT.**

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Report and Recommendation to which

---

[1] On April 9, 2008, the Second Chance Act of 2007, Pub.L.No. 110-99, was enacted. It amended 18 U.S.C. § 3624 and provides that the Director of the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." See 18 U.S.C. § 3624(c)(1). The statute provides that those conditions may include confinement in a community correctional facility/community corrections center/residential re-entry center, all of which are commonly known as a "half-way house."

objection is made, and the basis of such objection.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert denied*, 467 U.S. 1208 (1984). A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.

The Clerk is directed to mail a copy of the Report and Recommendation to the Petitioner by certified mail, return receipted requested, to his last known address as reflected on the docket sheet.

DATED: November 28, 2016

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGGE

4